IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**AMERITITLE, INC.,**

        Plaintiff,

  v.

**GILLIAM COUNTY, et al.,**
        Defendants.

No. 2:09-cv-00318-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff seeks attorney fees following a jury trial and a court award of declaratory and injunctive relief. Plaintiff's nominal damages from the jury and equitable relief from the court support a fee award. Because of plaintiff's limited success, however, that award should be reduced.

**FACTUAL BACKGROUND**

    This case went to trial on the core claims that Gilliam County had a policy that unconstitutionally favored local businesses, enforced by pressuring wind development companies who sought favorable tax treatment into hiring, among other local businesses, Gilliam County Title. The jury found the County's policy violated the Equal Protection Clause and the Commerce Clause of the U.S. Constitution, but awarded plaintiff no damages—apparently

1 – OPINION AND ORDER

adopting defendant's position that, even in the absence of such a policy, the wind companies would not have hired plaintiff, or at least that the damages were too speculative and unproven.

In addition to this somewhat Pyrrhic jury verdict, this Court also awarded plaintiff post-trial equitable relief.  The somewhat tortuous history of the claim for equitable relief has been described in part by defendant in opposition to attorney fees.  Initially, Magistrate Judge Sullivan granted summary judgment to defendant on this claim.  The gist of her very thorough opinion is that plaintiff's claim was moot—that no future title work was grounded in the allegedly unconstitutional policy.  I agreed with her ruling, twice, and adopted the F&R.

But in an exchange of information just prior to trial, plaintiff indicated it had learned new information contradicting mootness.  On the morning of trial, plaintiff proffered this additional information, which involved new wind farm projects and new title work by Gilliam County Title, arguably under the same pressure from the County to use local companies.  Defendant's response was that these new projects had no SIPs, and therefore no County involvement; just private actors making private decisions.  With the start of trial minutes away, the parties agreed that the matter was for the court and could be taken up after trial.

Trial testimony certainly shed additional light on the mootness issue.  While the issue of equitable relief was not directly explored at trial, the relationship of SIPs to title work on a variety of projects, including future work, was the subject of extensive testimony.

Following trial, plaintiff renewed its request for equitable relief.  By this time, it was probably more accurate to call this request a re-opening of the claim, rather than a reconsideration of the grant of summary judgment, since the grant had been entirely accurate on the record in front of Judge Sullivan.  I made two determinations with regard to the claim:  (1) Since we had all heard evidence both proffered pretrial and presented at trial relevant to the

claim, which I had allowed on the morning of trial, it no longer made sense to deal with the claims on the basis of summary judgment; and (2) there was at least some credible evidence of the need for future relief. In light of that evidence, and by the force of the jury verdict itself, plaintiff was entitled to a declaration and injunction. Both by its express terms and its procedural history, the equitable relief granted by the court post-trial was intended to be practically coterminous with the jury verdict.

## WHETHER AN AWARD IS JUSTIFIED

There is no dispute that plaintiff is technically the prevailing party under 42 U.S.C. § 1988, which allows the court, in its discretion, to award fees to the prevailing party in § 1983 cases. Defendants' argument against awarding fees is two-fold. First, they point to *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), for the proposition that when the prevailing party obtains nominal damages, a court is well within its discretion not to award fees. Second, defendants suggest that since the injunctive relief did not alter the legal relationship of the parties beyond the natural consequences of the jury verdict itself, it should not support a fee award.

The cited language in *Farrar* certainly supports the possibility that nominal damages won't support a fee award. But I am obligated to read *Farrar* in light of subsequent Ninth Circuit caselaw interpreting it. In particular, in *Mahach-Watkins v. Depee*, 593 F. 3d 1054, 1059 (9th Cir. 2010), the Ninth Circuit re-affirmed the general rule that an award of fees is appropriate if the litigation succeeded in some way "in addition to obtaining a judgment for nominal damage." *See also Guy v. City of San Diego*, 608 F.3d 582, 588–90 (9th Cir. 2010) (in a nominal damages case, attorney fees are appropriate if lawsuit achieved other tangible results, such as sparking a change in policy or establishing a finding with potential collateral estoppel effects). Three factors matter: (1) the difference between the amount recovered and the

damages sought; (2) the significance of the legal issues on which plaintiff prevailed; and (3) whether plaintiff accomplished some public good or goal. *See Mahach-Watkins*, 593 F.3d at 1059.

The second and third factors seem to get at the difference between cases where the jury finds the violation of some established right by a state actor, versus those cases that advance our understanding of applicable constitutional law or expose an unconstitutional policy. A case where a jury finds, for example, an unconstitutional arrest by an individual officer, but awards only nominal damages, might seem to be a case for which no fees would be awarded. But a case of nominal damages that declares an existing government policy unconstitutional, or clarifies a murky area of constitutional law, fits more neatly within *Mahach-Watkins* and *Guy*.

In this case the first factor cuts squarely against plaintiff. It sought millions of dollars, and got one. And despite its assertions about the primary importance of the equitable relief it sought, I'm pretty sure it really, really wanted the money.

But the second and third factors strongly favor plaintiff. This isn't *Farrar*, of whom Justice O'Connor said the following: "If ever there was a plaintiff who deserved no attorney's fees at all, that plaintiff is Joseph Farrar." *Farrar*, 506 U.S. at 116 (O'Connor, J., concurring). Here, our plaintiff obtained real relief: a solid declaration from the jury that the county had an unconstitutional policy, not just an isolated practice. Further, that policy concerned an important public issue, involving government intervention in large economic development projects.

In my view, therefore, the jury verdict supports an attorney fee award.

Defendants also argue the equitable relief does not support the fee request, because it does no more than enforce the jury verdict. Although the fee award in this case can rest entirely

4 –  OPINION AND ORDER

on the jury verdict, it is relevant in determining the size of the award to determine whether it is also supported by the equitable relief.

Some injunctions dramatically alter the relationship of the litigants.  Others don't add much to the jury verdict itself.  The equitable relief in this case comes close to being the mirror image of the verdict in law.  Close, but not identical.  Plaintiff gains some modest benefit, when it comes to future enforcement, from the existence of the injunction.  My concern has been that the benefit plaintiff identifies in this case would be present in every case where an injunction tracks a verdict, and therefore plaintiff's argument would prove too much.  During the pendency of this fee request, however, the Supreme Court decided *Lefemine v. Wideman*, 133 S. Ct. 9 (2012).  Read broadly, *Lefemine* stands for the proposition that a party who obtains injunctive relief is a prevailing party entitled to fees absent "special circumstances." *Id*. at 11–12.  I don't find special circumstances in this case (in fact, defendants don't even argue for them), and therefore I conclude that the equitable relief warrants some fee award.

## WHAT ARE REASONABLE FEES?

The typical starting point in discussing the amount of fees is the lodestar calculation: reasonable hourly rate X reasonable number of hours.  I have reviewed the hourly rates charged by each member of the plaintiff's team, and I find each of them to be reasonable in light of the nature of the case, the years of experience, and the 2012 Oregon State Bar Survey.

The parties hotly dispute the reasonable number of hours.  But I view that as beside the point.  As *Farrar* makes clear, "the most critical factor" is the degree of success.  506 U.S. at 114; *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  So much so that, as the Court explained, once degree of success is considered in a nominal damage case, "the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness."

5 – OPINION AND ORDER

*Farrar*, 506 U.S. at 115.  In a case where the plaintiff achieves limited success, and where recovery of private damages is the primary purpose of the civil rights litigation, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."  *Id*. at 114 (quoting *Riverside v. Rivera*, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment).

I find this is such a case, where the degree of success is, and ought to be, the overarching factor.  Obviously, plaintiff's success was limited, and the gap between the millions of dollars sought and the one dollar obtained is huge.  And despite plaintiff's protestations, damages were the major focus of the litigation.

The principles outlined above led the Court in *Farrar* to affirm a judgment of no fees, despite Mr. Farrar's status as a prevailing party.  But in that case, Mr. Farrar did not even seek equitable relief, nor did he gain anything on the merits but a technical victory.  In this case, while money damages dominated, plaintiff expended substantial effort in seeking equitable relief, and the relief obtained had some modest value.  In recognition of this, I view plaintiff's success as substantial enough to merit one half of the fees it requested.

I have reviewed the objections to costs, and find none of them persuasive.

## CONCLUSION

For the reasons given above, plaintiff's request for attorney fees [241] is GRANTED IN PART and plaintiff's bill of costs [245] is GRANTED.  Plaintiff is awarded fees in the amount of $315,420.00, and costs in the amount of $55,579.40, for a total award of $370,999.40.

IT IS SO ORDERED.

DATED this   5th   day of December, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge